[J-91-2015][M.O. – Wecht, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 708 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | 6/22/15 in the Court of Common Pleas, |
| v. | : | Bucks County, Criminal Division at No. |
| | : | CP-09-CR-0006917-2005 |
| | : | |
| ROBERT ANTHONY FLOR, | : | |
| | : | |
| Appellant | : | SUBMITTED:  January 20, 2016 |

### CONCURRING OPINION

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED:  April 25, 2016**

I join the majority opinion.

It seems that the common pleas court's order mandating wholesale disclosure may have been due to a belief that trial counsel's files had to be either protected or divulged as a unit.  I believe there is a middle ground, however, which is able to protect both parties' interests.  As a supervisory matter, moreover, it seems appropriate for this Court to supply guidance on the topic for purposes of further proceedings on remand. *Cf. Commonwealth v. Markman*, 591 Pa. 249, 282, 916 A.2d 586, 605-06 (2007) (after awarding a new trial, finding it advisable for the sake of judicial economy to address additional claims which were likely to arise on remand).

Because of the possibility that materials may be withheld realtive to which a reasonable argument could be made that they should be divluged, one possibility is for the common pleas court to require PCRA counsel to produce a privilege log referencing

such items. This would have multiple benefits. First, it would give the Commonwealth an indication of the nature of materials which PCRA counsel has elected not to disclose and, accordingly, afford it an opportunity to contest the withholding of specific documents. Any dispute along these lines could then be submitted to the court for resolution following *in camera* review. *See generally LaVelle v. Office of Gen. Counsel*, 564 Pa. 482, 497 n.13, 769 A.2d 449, 458 n.13 (2001) (stating that an agency subject to a Right to Know Act request should, upon a reasonable showing by the requester that withheld items contain information subject to disclosure, "be required to provide sufficiently detailed information concerning the contents of the requested document to enable a reviewing court to make an independent assessment of whether it meets the statutory requirements for mandatory disclosure"). Finally, the creation of such a log would facilitate appellate review should that become necessary. *Accord Yacobet v. UPMC Presbyterian*, 119 A.3d 1012, 1029 (Pa. Super. 2015) (citing *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1063 (Pa. Super. 2008), in turn quoting *Gocial v. Independence Blue Cross*, 827 A.2d 1216, 1223 (Pa. Super. 2003)).

Justice Donohue joins this concurring opinion.